Note 18.—Mays *v.* Lewis, *ante*, 1.

---

## Mason v. Kleberg and Burleson.

The rule in actions upon contracts that if any part of the contract proved should vary materially from that which is stated in the pleadings, the variance will be fatal. (Note 19.)

It is never necessary to state all the parts of a contract which consists of several distinct and collateral or alternative provisions; the *gravamen* is that a certain act which the defendant engaged to do has not been done; and the legal proposition to be maintained is that for such a consideration he became bound to do such an act, including time, manner, and other circumstances of its performance; and with all the propositions thus stated the proof must agree.

Redundancy of proof is immaterial unless the facts' proved, but not alleged, are inconsistent with the allegations.

It is a universal rule that it is sufficient to prove an allegation according to its legal effect; and where a pleading professes to describe an instrument, not by its tenor, but by its legal effect, it is competent to prove it by one which corresponds in legal effect.

An allegation that a note was payable to A is sustained by the production of a note payable to A *or bearer*.

Appeal from Austin. The appellant brought suit against the appellee upon two promissory notes alleged to have been [86] made by the defendant Kleberg, payable to the defendant Burleson, and indorsed to the plaintiff. The notes are described in the petition according to their legal effect.

From a bill of exceptions in the record it appears that at the trial a jury was waived and the case submitted to the court. The plaintiff offered in evidence two notes corresponding to those described in the petition, but the defendant objected to their introduction, upon the ground of a variance between the notes described and those offered in evidence; the notes described being payable to Burleson, whereas those offered were payable to Burleson "*or bearer.*" The court sustained the objection, rejected the evidence, and gave judgment for the defendant, from which the plaintiff appealed.

*Rivers*, for appellant. In this case the note sued on was described as payable to John Burleson. The note offered in evidence was payable to him or bearer. The reading of the note was objected to as variant from the one described in the petition, and the objection was sustained. The holder of a note payable to bearer may declare on the same as payable to himself.

Wheeler, J. The only question presented for consideration is that raised by the bill of exceptions, as to the variance between the notes described in the petition and those given in evidence.

The rule in actions upon contracts is that if any part of the contract proved should vary materially from that which is stated in the pleadings, the variance

will be fatal; for a contract is an entire thing, and indivisible. (1 Greenl. Ev., 75.) And the question here is whether there is any material variance between the contract described and that proved.

It is never necessary to state all the parts of a contract which consists of several distinct and collateral or alternative provisions; the *gravamen* is that a certain act which the defendant engaged to do has not been done; and the legal proposition [87] to be maintained is that, for such a consideration, he became bound to do such an act, including time, manner, and other circumstances of its performances. And with all the propositions thus stated the proof must agree. (Ib.) But a *redundancy* of proof is immaterial, unless the facts proved, but not alleged, are *inconsistent* with the allegations. Redundancy cannot vitiate merely because *more* is proved than is alleged. (Id., 76.) And it is a universal rule that it is sufficient to prove an allegation according to its legal effect. (1 Stark. Ev., 402.) Thus, when an instrument is described according to its substance and effect, it is sufficient to prove it by one which corresponds in *legal effect*, as where the declaration averred that a note was payable to B or order, and alleged an indorsement as payable to C or order, and on production of the note the indorsement was "Pray pay to C," it was held that there was no variance in substance; for by the indorsement it was payable as alleged. (B. N. P., 275.) And where the declaration was on a note promising to pay a sum of money and interest, and the proof was of a note, entitled in a cause, with a promise to pay the debt and costs, it was held sufficient; interest being a legal consequence of the promise, and the legal effect being the same, whether interest was specified in the note or not. (4 D. & R., 211.) So where the declaration alleged a bond for £40 to be paid to the plaintiff, and on oyer of the bond it was to be paid to his attorney *or assigns*, the court, on demurrer, held the variance to be immaterial; for payment to the plaintiff or attorney was the same thing. (1 Stark. Ev., 421.) In an action by the husband alone, on a bond alleged to be given him, he gave evidence of a bond to himself and his wife; and this was held to be no variance; for he had a right to reject the obligation to his wife, and in legal import it was a bond to himself. (Ib.) Where the declaration alleged a precept to the mayor, and proof was given of a precept to the mayor and commonalty, the variance was held to be immaterial, for the substance was proved. (1 T. R., 239; Burr. R., 2267.) An allegation that A was bound by a deed is satisfied, under the plea of *non est factum*, by evidence [88] of a joint deed by A and B; and whether the deed be joint or joint and several, it would be the same, for it is still the deed of A. (1 East. R., 398; 1 Stark. Ev., 424.)

These instances will suffice to show that mere redundancy of proof will not be excluded merely because it may contain something more than is alleged, when not inconsistent with the allegations; and that when the pleading professes to describe the instrument, not by its tenor, but by its legal effect, it is competent to prove it by one which corresponds in legal effect. Applying these principles and the cases cited to the present, it is most manifest that the supposed variance was wholly immaterial. The utmost that can be said of the additional words "or bearer," which were not in the pleadings, but in the proof, is that as to these words there was a redundancy of proof, but in no way inconsistent with the allegations. The legal effect of the notes described in the petition and those offered in evidence was the same. There is manifest error, therefore, in the judgment of the court excluding the notes offered in evidence; for which the judgment must be reversed and the cause remanded for a new trial.

Judgment reversed.

NOTE 19.—Where the petition alleged a promise to pay "when thereunto afterwards requested," and that offered in evidence was a promise to pay "in two years from this date," the variance was fatal. (Hunt *v.* Wright, 13 T., 549.) When a note was described as being for $356, and in fact was for $355, the variance was held fatal. (Brown *v.* Martin, 19 T., 343.)